HeNDErsoN, Judge. —
 

 Upon principle, the order for setting the cause for hearing, presupposes that the conditional order for taking the Bill
 
 pro conjesso
 
 as to
 
 Jen-nett Colqiihoun,
 
 had been made absolute, for the former order could not regularly have been made without the latter, that is, the cause could not have been properly set for healing without the Defendants having answered, or been in contempt for not answering. And in ordinary cases, where the Defendant is in Court, it-should not be required to be shewn expressly, that all proceedings have been regular. This regularity may be fairly inferred by showing an order or proceedings of the Court, which could not have been properly done without such previous proceedings. But it would be improper to draw such inference in cases where the Defendant is not in Court, for its foundation in some measure fails; wc should not give to the service by publication, all the con
 
 *412
 
 sequences of personal notice, so far as regards all the Proceedings in the cause, it is sufficient if we give to it the direct effects prescribed by the Legislature. The maTiagement 0f the cause in such cases is entirely in the hands of the Complainant, and we are aware that it is impossible, with the utmost vigilance of the Judge, to preserve to an absent Defendant all his rights; it is sufficient to award to the Plaintiff all his direct advantages, without conferring any on him by inference. I am, for these reasons, for considering the rules for taking the Bill pro
 
 corifesso
 
 as conditional, it never having been made absolute; if the Complainant could show that he had made publication, he might have it made absolute
 
 nunc pro tunc.
 
 This Court having jurisdiction only in cases set for hearing in the Superior Court, and an irregular order to that effect being as no order, the cause must be remanded : it was never properly here.
 

 Tatior, C. J. and Hade, concurred.